PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* FRANCISCO E. JIMÉNEZ, Defendant and Appellant.

No. 3243. Argued June 17, 1927.—Decided June 25, 1927.

*Lucien Longchamps* for the appellant. *José E. Figueras* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

The lower court fined the defendant ten dollars for violation of section 5, letter (*a*), of the Act to regulate the operation of motor vehicles of April 13, 1916.

The only error assigned by the appellant is that the complaint does not show sufficient facts to constitute a public offense.

The complaint in its pertinent part reads as follows:

". . . the aforesaid defendant . . . illegally, wilfully, and maliciously violated the provisions of the Act to regulate the operation of motor vehicles on the public highways of Porto Rico in that, being a chauffeur and having had his license suspended, he was driving his automobile No. P–366 on the said street."

Section 5, letter (*a*), of the said act reads as follows:

"That no person shall operate a motor vehicle in Porto Rico without having been issued a license to do so by the Commissioner of the Interior. Such licenses shall be issued on application made therefor on a form prescribed by the Commissioner of the Interior, giving such information relating to the applicant as he may deem necessary for the purpose of this Act."

The appellant contends that the provision of the law

refers to those who drive motor vehicles without having had licenses issued by the Commissioner of the Interior, and not to those whose licenses had been suspended, for the suspension does not carry with it the cancellation of the license issued.

The argument is rather superficial. For the purposes of the law there is no difference between the person who operates a motor vehicle in Porto Rico without a license as chauffeur issued by the Commissioner of the Interior and one whose license already issued is suspended. The suspension is equivalent to a temporary cancellation of the license and carries with it the prohibition to operate motor vehicles during the time of the suspension.

The appellant denies the authority of the Commissioner of the Interior to order the suspension of licenses already issued, but this authority is conferred by the Act itself in its section 5, letter (*m*), where it is provided that the Commissioner of the Interior ''may suspend or revoke the license of any person to act as a chauffeur . . .,'' or require the ''reexamination of any person if in his opinion circumstances warrant it.''

For the foregoing reasons the judgment appealed from must be affirmed.